UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rebecca D. Lamb,<br><br>    Plaintiff,<br><br>vs.<br><br>The Palmetto Health Long<br>Term Disability Plan,<br>Cigna Group Insurance,<br>and/or Life Insurance Company<br>of North America,<br><br>    Defendants. | **COMPLAINT**<br><br>(ERISA) |

    Plaintiff, complaining of the Defendants herein, would respectfully show as follows:

    1.    Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

    2.    Defendant Palmetto Health Long Term Disability Plan ("the Plan") is a welfare benefit plan as defined by 29 U.S.C. § 1002(1).

    3.    Defendants Cigna Group Insurance and Life Insurance Company of North America are insurance companies organized under the laws of a state other than South Carolina. Upon information and belief, both entities are affiliates or subsidiaries of Cigna Corporation, which is also a corporation organized under the laws of a state other than South Carolina. Cigna Group Insurance and Life Insurance Company of North America are hereafter referred to collectively as "Cigna."

1

4.     Defendant Cigna is, upon information and belief, the Administrator of the Plan described hereinabove, as defined in 29 U.S.C. § 1002(16)(A), as well as the party responsible for paying claims due under the Plan.

5.     In or around 1998 Plaintiff became employed by Palmetto Health Baptist Hospital as a recovery room nurse. Plaintiff was subsequently promoted to Nurse Manager and was in that capacity responsible for supervising 39 employees and running a schedule of between 70-100 surgeries a day.

6.     As an employee, Plaintiff elected to participate in the aforementioned Plan. Plaintiff enrolled in the plan and met all eligibility requirements for participation in the Plan.

7.     While employed, Plaintiff contracted histoplasmosis, which ultimately caused the permanent and progressive deterioration of her respiratory function. Plaintiff has endured numerous surgeries and/or procedures to maintain her lung-functioning (including the partial removal of a lung), to no avail.

8.     As a result of the foregoing, Plaintiff became unable to perform her job.

9.     At present, Plaintiff is incapable of any gainful employment.

10.    In 2004, Plaintiff made claims for long and short term disability payments under the Plan.

11.    Plaintiff initially received short term benefits; however, Defendant thereafter terminated short term benefits and denied long term benefits. On appeal, Defendant conceded that Plaintiff was entitled to short term benefits; nevertheless, Defendant Cigna denied long term benefits.

12.     Plaintiff timely appealed the decision to deny benefits as required by the provisions of the Plan.

13.     On or about September 22, 2005, Defendant Cigna denied Plaintiff's appeal; all administrative appeals have been exhausted.

14.     At present, Plaintiff is unable to work in any capacity, and is disabled as defined by the provisions of the aforementioned Plan.

15.     Nevertheless, Defendant has in bad faith denied Plaintiff's benefits as due under the Plan, and continues to deprive Plaintiff of those benefits.

## FOR A FIRST CAUSE OF ACTION

16.     The above paragraphs are repeated to the extent not inconsistent with the allegations of this cause of action.

17.     In this matter, Plaintiff seeks long-term disability benefits under an ERISA plan pursuant to 29 U.S.C.A. Section 1132 (a)(1)(B).

18.     This court has jurisdiction to hear this matter.

19.     Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and declare, pursuant to 29 U.S.C S. Section 1132, that Plaintiff is entitled to long term disability benefits, including all sums past-due and due in the future, for so long as she remains disabled under the terms of the Plan.

20.     Plaintiff additionally requests that the Court award her attorneys fees and costs pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays for judgment against the Defendants for all amounts due under the aforementioned Plan, pre and post-judgment interest thereon, together with costs, attorney's fees, and such other and further relief as is just and

proper.

                        TROTTER & MAXFIELD, ATTORNEYS

                        By: _____
                              David Andrew Maxfield   Fed. ID# 6293
                              1701 Richland Street
                              Columbia, South Carolina
                              (803) 799-6000
                              dmaxfld@bellsouth.net

Columbia, South Carolina

DATED: October 4, 2005